# COMPOSITE EXHIBIT A

Filing # 46686813 E-Filed 09/20/2016 03:30:24 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

**I.       CASE STYLE**

IN THE CIRCUIT COURT OF THE ELEVENTH  JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE  COUNTY, FLORIDA

Case No.:_____
Judge: _____

IVAN OJEDA
Plaintiff
            vs.
NOVA RESTAURANT, INC, EMILIO CABRERA Jr
Defendant

**II.       TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more

- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.  **REMEDIES SOUGHT** (check all that apply):
        ☒  Monetary;
        ☐  Non-monetary
        ☐  Non-monetary declaratory or injunctive relief;
        ☒  Punitive

IV.  **NUMBER OF CAUSES OF ACTION:** (     )
    (Specify)

    7

V.  **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐  Yes
        ☒  No

VI.  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒  No
        ☐  Yes – If "yes" list all related cases by name, case number and court:

VII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒  Yes
        ☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Jason S Remer          FL Bar No.: 165580
      Attorney or party                                   (Bar number, if attorney)

      Jason S Remer 09/20/2016
      (Type or print name)                              Date

printing document

Filing # 46686813 E-Filed 09/20/2016 03:30:24 PM

                                         IN THE CIRCUIT COURT OF THE
                                         11th JUDICIAL CIRCUIT IN AND FOR
                                         MIAMI-DADE COUNTY, FLORIDA

IVAN OJEDA, and other similarly
situated individuals,

        Plaintiffs,

vs.                                      Case No.

NOVA RESTAURANTS INC., a Florida Profit
Corporation, and EMILIO CABRERA, JR.,
individually.,

        Defendants.
_____/

## COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, IVAN OJEDA ("Plaintiff"), and other similarly-situated individuals, by and through the undersigned counsel, hereby sue Defendant, NOVA RESTAURANTS INC., a Florida Profit Corporation, and Emilio Cabrera, Jr., individually ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff and other similarly-situated *maintenance workers* for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime and/or minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

printing document

4. Defendant, NOVA RESTAURANTS INC., having its main place of business in MIAMI-DADE County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, EMILIO CABRERA, Jr., is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, NOVA RESTAURANTS INC.

6. Venue is proper in MIAMI-DADE because all of the actions that form the basis of this Complaint occurred within MIAMI-DADE County and payment was due in MIAMI-DADE County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff performed work for Defendants as a non-exempt employee from on or about November 2010 to June 8, 2016, in Defendant's facilities located at 5751 NW 151st Street, Miami, Florida 33014.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. For the period of approximately September 20, 2013 to June 8, 2016 of Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week.

printing document

12.   Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

13.   On or about March 16, 2016, Plaintiff suffered a work-related injury where he injured his back due to lifting heavy metal panels.

14. The above-alleged injury required medical treatment.

15. After the work-related accident as described above, Plaintiff reported said injuries to Defendant through Alejandro Silva and requested medical treatment.

16. As a result of Plaintiff's report of injuries and request for medical treatment, Defendant had notice that Plaintiff may need medical leave due to said injuries.

17. On or about June 8, 2016, Defendant terminated Plaintiff's employment and did not allow Plaintiff to re-commence work for Defendant.

18. Plaintiff's work prior to discharge was satisfactory or more than satisfactory.

**COUNT I**
*Wage & Hour Federal Statutory Violation Against*
*NOVA RESTAURANTS INC.*

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

20. This action is brought by Plaintiff and other similarly-situated maintenance workers to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

21. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his

employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

22. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

23. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

24. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

25. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

26. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

27. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was

made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

28. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime and/or minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

29. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and/or minimum wages.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

    F. Plaintiff demands trial by jury of all issues triable as of right by jury.

printing document

## COUNT II
### *Wage & Hour Federal Statutory Violation Against*
### *EMILIO CABRERA, Jr.*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

31. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, NOVA RESTAURANTS INC.

32. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

33. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

34. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

F. Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT VII

### *Retaliation Under Fla. Stat. § 440.205*

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

36. As a result of Plaintiff's work-related injuries, Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

37. Defendant's termination of Plaintiff was thus in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

38. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Fla. Stat. § 440.205 and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

d.   Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the

full benefits he would have, had he not been discriminated against by Defendant, or in

lieu of reinstatement, award his front pay;

e.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

and

f.   Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _____ 9-26-16 _____

Respectfully submitted,

_____

Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgpattorneys.com
**Brody M. Shulman, Esq.**
Florida Bar No.: 92044
bshulman@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

printing document

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

IVAN OJEDA, and other similarly
situated individuals,

     Plaintiffs,

vs.

                                  Case No.

NOVA RESTAURANTS INC., a Florida Profit
Corporation, and EMILIO CABRERA, JR.,
individually.,

     Defendants.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** NOVA RESTAURANTS INC.,  through its Registered Agent:
                  EC Management Corp.
                  5751 NW 151st Street
                  Miami, Florida 33014

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                  JASON S. REMER, ESQ.
                  REMER & GEORGES-PIERRE, PLLC.
                  44 WEST FLAGLER STREET
                  SUITE 2200
                  MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.  You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                            DATE

_____
(BY) DEPUTY CLERK

printing document

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

IVAN OJEDA, and other similarly
situated individuals,

      Plaintiffs,

vs.                                Case No.

NOVA RESTAURANTS INC., a Florida Profit
Corporation, and EMILIO CABRERA, JR.,
individually.,

      Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** EMILIO CABRERA, Jr.:

                Emilio Cabrera, Jr.
                Post Office Box 43-2720
                Miami, Florida 33243

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                JASON S. REMER, ESQ.
                REMER & GEORGES-PIERRE, PLLC.
                44 WEST FLAGLER STREET
                SUITE 2200
                MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.  You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                        DATE

_____
(BY) DEPUTY CLERK

Filing # 47779131 E-Filed 10/18/2016 04:23:09 PM

RETURN OF SERVICE

| | | |
|---|---|---|
| State of FLORIDA | County of MIAMI-DADE | Circuit Court |

Case Number: 2016-024512-CA-01

Plaintiff:
**IVAN OJEDA, ET. AL.,**
vs.
Defendant:
**NOVA RESTAURANTS INC., ET. AL.,**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 11th day of October, 2016 at 3:59 pm to be served on EMILIO
CABRERA, 5751 NW 151 ST, MIAMI, FL 33014.

I, FRANK TRUJILLO, do hereby affirm that on the **13th day of October, 2016 at 2:10 pm, I:**

**INDIVIDUAL/PERSONAL:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** to: **EMILIO
CABRERA JR.** at the address of: **5751 NW 151 ST, MIAMI, FL 33014** with the date and hour of service endorsed
thereon by me, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of
America.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A
CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS
WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING
(DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

FRANK TRUJILLO
CPS #1284

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750
Our Job Serial Number: OJF-2016014733

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



IN THE CIRCUIT COURT OF THE
11ᵗʰ JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

IVAN OJEDA, and other similarly
situated individuals,

      Plaintiffs,

vs.

                    Case No. 2016-024512-CA-01

NOVA RESTAURANTS INC., a Florida Profit
Corporation, and EMILIO CABRERA, JR.,
individually.,

      Defendants.
_____/

### SUMMONS IN A CIVIL CASE

TO: EMILIO CABRERA, Jr.:

          Emilio Cabrera, Jr.
          Post Office Box 43-2720
          Miami, Florida 33243

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

          JASON S. REMER, ESQ.
          REMER & GEORGES-PIERRE, PLLC.
          44 WEST FLAGLER STREET
          SUITE 2200
          MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

(BY) DEPUTY CLERK

      **MONICA I. VALDES**

DATE 10/11/16

MILITARY
YES    (NO)

14733.

OJF SERVICES, INC
954 929 4215
WWW.OJFSERVICES.COM

5751 NW 151 st
Miami, FC 33014

Filing # 47779131 E-Filed 10/18/2016 04:23:09 PM

## RETURN OF SERVICE

**State of FLORIDA**                    **County of MIAMI-DADE**                    **Circuit Court**

Case Number: 2016-024512-CA-01

Plaintiff:
**IVAN OJEDA, ET. AL.,**
vs.
Defendant:
**NOVA RESTAURANTS INC., ET. AL.,**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 11th day of October, 2016 at 3:59 pm to be served on **NOVA RESTAURANTS INC.**, 5751 NW 151 STREET, MIAMI, FL 33014.

I, FRANK TRUJILLO, do hereby affirm that on the **13th day of October, 2016 at 10:00 am**, I:

**CORPORATE:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **OLGA ROSALES as OFFICE MANAGER for NOVA RESTAURANTS INC.,** at the address of: **5751 NW 151 STREET, MIAMI, FL 33014**, and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

FRANK TRUJILLO
CPS #1284

**OJF SERVICES, INC.**
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750
Our Job Serial Number: OJF-2016014732

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

IN THE CIRCUIT COURT OF THE
11ᵗʰ JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

IVAN OJEDA, and other similarly
situated individuals,

     Plaintiffs,

vs.

                          Case No. 2016-024512-CA-01

NOVA RESTAURANTS INC., a Florida Profit
Corporation, and EMILIO CABRERA, JR.,
individually.,

     Defendants.

_____/

### SUMMONS IN A CIVIL CASE

TO: NOVA RESTAURANTS INC.,  through its Registered Agent:
        EC Management Corp.
        5751 NW 151ˢᵗ Street
        Miami, Florida 33014

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

     JASON S. REMER, ESQ.
     REMER & GEORGES-PIERRE, PLLC.
     44 WEST FLAGLER STREET
     SUITE 2200
     MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.  You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

CLERK _____  DATE  10/11/16

(BY) DEPUTY CLERK

MONICA I. VALDES

*(handwritten margin notes: OJF SERVICES, INC / 954 929 4215 / WWW.OJFSERVICES.COM; Olga Rosales (off. mgr) 10/13/16 10 am FT1284; suit 10; 14732)*